587 A.2d 32

**CRANBERRY TOWNSHIP, Appellant,**

v.

**BUILDERS ASSOCIATION OF METROPOLITAN PITTS-BURGH, North Suburban Builders Association, Enterprise Development, Inc. and Empire Properties, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1990.

Decided Feb. 6, 1991.

Reargument Denied March 25, 1991.

Richard G. Carlisle, with him, Robert H. Freilich, Kansas City, Mo., and Gary J. Gushard, Tucker, Arensberg, P.C., Pittsburgh, for appellant.

Loudon L. Campbell, Calkins & Campbell, Harrisburg, for appellees.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, PELLEGRINI, KELLEY and BYER, JJ.

PELLEGRINI, Judge.

Cranberry Township (Township) appeals from a decision of the Court of Common Pleas of Butler County, granting Appellees/Builders' Motion for Summary Judgment striking down Township Ordinance 189 (Ordinance) as invalid and unenforceable.

By enacting Ordinance 189, titled "The Cranberry Township Transportation Improvement Program Amendment", the Township required, *inter alia*, that new developers pay an impact fee to finance highway improvements to municipality and state owned highways. Fees are collected at the time of and as a requirement for the issuance of a building permit.[1] The Builders Association of Metropolitan Pittsburgh, North Suburban Builders Association, Enterprise Development, Inc., Empire Properties, Inc. and Kress Brothers Builders, Inc. (later dismissed) (Builders), filed an

---

1. Under the Ordinance, the amount of the fee is calculated by multiplying the average number of weekday vehicle trips to be generated by each proposed development of property, as established by the Institute of Traffic Engineers (ITE) Trip Generation Manual, 4th Edition, by the unit cost per trip. The unit cost per trip was calculated by dividing the total amount of highway improvements assigned to new development ($15,703,250) by the forecasted number of new average weekday vehicle trips generated by new development through the year 2000 (171,017), yielding a unit cost per trip of $91.82. The unit cost per trip was established by Resolution No. 89-08, also adopted March 2, 1989. As an example, a new single family detached dwelling would be required to pay a fee of $923.89 (10.062 average weekday trips, per ITE Trip Generation Manual, times the $91.82 unit cost per trip.)

action for Declaratory Judgment.[2]   Their action challenged the validity of the Ordinance and impact fees authorized thereunder.

The Builders' challenge was that the Township was without authority to enact an ordinance imposing impact fees for transportation improvements.   Specifically, the Builders contend that the Ordinance was illegal because it imposed not a regulatory fee, but a tax;  that no express or implied authority existed in the Pennsylvania Municipalities Planning Code (MPC)[3] for the Township to levy such an exaction;  that there was no express or implied authority for such an exaction in the Second Class Township Code,[4] the Local Tax Enabling Act,[5] the Pennsylvania Transportation Partnership Act,[6] nor any other statutory provision, and that in the guise of the Township's police power, it did not have the authority to raise general revenue.

The Township, however, contended that both the MPC and the Second Class Township Code authorized the imposition of the impact fee imposed by Ordinance 189.   Although neither Code specifically authorized such fees, the Township contended that those Codes provide implied power to impose those fees under the power contained in them to construct and provide roads, to plan, zone, accommodate growth and provide for the general health, welfare and safety.   Moreover, it argues that there was implicit authority for the charging of such fees under its general police power.

Agreeing with the Builders, the trial court found that a fee imposed under the Ordinance was a tax and not a fee, that the MPC did not authorize exactions of this nature, and that no authority existed in any other statutory scheme to

2.   Counsel for the parties stipulated that Builders had standing to bring the action.

3.   Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

4.   Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–67605.

5.   Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6920.1.

6.   Act of July 9, 1985, P.L. 187, 53 P.S. §§ 1621–1626.

impose such a fee. The Township then took the instant appeal.

Subsequent to the filing of the appeal and oral argument, the General Assembly enacted the Act of December 19, 1990, P.L. 3, Act 209, (Amendment), which amended the MPC to authorize the imposition of impact fees in accordance with a detailed procedure set forth in the Amendment. Section 501(g) as set forth in the Amendment provides that:

A municipality which has enacted an impact fee ordinance on or before June 1, 1990, may, for a period not to exceed one year from the effective date of this article, adopt an impact fee ordinance to conform with the standards and procedures set forth in this article. Where a fee previously imposed pursuant to an ordinance in effect on June 1, 1990, for transportation improvements authorized by this article, is greater than the recalculated fee due under the newly adopted ordinance, the individual who paid the fee is entitled to a refund of the difference. If the recalculated fee is greater than the previously paid fee, there shall be no additional charge.

This Amendment saved fees imposed pursuant to an impact fee ordinance enacted prior to June 1, 1990. It required, however, that within a year of the adoption of the Amendment, the fees be recalculated by the enactment of a new impact fee ordinance, which conforms with the standards and procedures set forth in the Amendment. It requires that any excess fees imposed or paid be reduced or refunded, and if the fees are in excess of the old fee, that the Builders will pay at the old prior rate. Because the Township's Ordinance was adopted on March 2, 1989, prior to June 1, 1990, this saving provision applies to fees imposed pursuant to the Township's Ordinance 189.

It is well established that where, as here, there is an intervening change in the applicable law, the court, both at the trial and appellate level, will decline to decide the case where the controversy as the parties have presented to the court is now moot. *See In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978). Because the Amendment provides retroactive

authority for a local government who enacted an impact fee ordinance prior to June 1, 1990, to impose such fees, *albeit* one that requires fees to be recalculated, there is not now a justiciable controversy before us.

Accordingly, we must dismiss the appeal and vacate the order of the trial court because the controversy now before us is moot.

## ORDER

AND NOW, this 6th day of February, 1991, the order of the Court of Common Pleas of Butler County is vacated.

COLINS, J., dissents.