621 A.2d 563

CRANBERRY TOWNSHIP, Appellee,

v.

BUILDERS ASSOCIATION OF METROPOLITAN PITTS-BURGH, North Suburban Builders Association, Enterprise Development, Inc. and Empire Properties, Inc., Appellants.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1992.

Decided Feb. 26, 1993.

Loudon L. Campbell, Harrisburg, for appellants.

Gary L. Gushard, Robert H. Freilich, Kansas City, MO, Richard B. Tucker, Pittsburgh, for appellee Cranberry Tp.

Ernest Preate, Jr., Atty. Gen., for appellant Builders Ass'n.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The substantive issue raised by this case is whether a township may impose impact fees upon the developers of real estate to pay for improvements in roads which will be required because of the development.

On March 2, 1989, Cranberry Township enacted Ordinance 189, "The Cranberry Township Transportation Improvement Program Amendment," requiring, inter alia, that new developers pay an impact fee to finance improvements to municipal and state owned highways. On April 7, 1989, the Builders Association of Metropolitan Pittsburgh, North Suburban Builders Association, Enterprise Development, Inc., Empire Properties, Inc. and Kress Brothers Builders, Inc. (hereinafter, "the builders"), filed a declaratory judgment action challenging the validity of the ordinance and the impact fees provided for in the ordinance.

The Court of Common Pleas of Butler County decided the case on motion for summary judgment, holding that the ordinance is illegal and unenforceable insofar as it requires the payment of impact fees. The township argued that it was authorized to enact its ordinance pursuant to the Municipalities Planning Code, 53 P.S. § 10101, et seq. (the MPC), its power to enact zoning ordinances, and its police power. The trial court held, however, that the MPC does not authorize the imposition of an impact fee; that the various powers of the Second Class Township Code 53 P.S. § 65101 et seq., do not specifically authorize municipalities to impose impact fees; and that the township's police powers do not include the power to impose an impact fee. Further, the court held that the

impact fee was, in fact, a tax which was unauthorized and invalid pursuant to the Local Tax Enabling Act, 53 P.S. § 6901, et seq. Finally, the court declined to rule on the question of whether the Transportation Partnership Act, 53 P.S. § 1621 et seq., preempts the township from imposing impact fees for roads.

The township appealed to Commonwealth Court. After argument was held, but before an opinion was filed, the General Assembly enacted the Act of December 19, 1990, P.L. 1343, Act 209, which amended the Municipalities Planning Code to allow the imposition of impact fees as follows:

A municipality which has enacted an impact fee ordinance on or before June 1, 1990, may, for a period not to exceed one year from the effective date of this article, adopt an impact fee ordinance to conform with the standards and procedures set forth in this article. Where a fee previously imposed pursuant to an ordinance in effect on June 1, 1990, for transportation improvements authorized by this article, is greater than the recalculated fee due under the newly adopted ordinance, the individual who paid the fee is entitled to a refund of the difference. If the recalculated fee is greater than the previously paid fee, there shall be no additional refund.

Commonwealth Court interpreted this statute to mean that impact fee ordinances enacted prior to June 1, 1990 were saved, provided that within a year the township enacts a new impact fee ordinance in accord with the requirements of the amended MPC. Because the township's ordinance was adopted on March 2, 1989, the impact fees were saved by the amendment to the MPC, pending the township's adoption of a new impact fee ordinance in conformity with the MPC. On February 6, 1991, Commonwealth Court, relying on this amendment to the MPC and citing *In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978), held that the case was moot, dismissed the appeal, and vacated the order of the trial court. 137 Pa.Cmwlth. 510, 587 A.2d 32 (1991). The builders then filed application for reargument and leave to file supplemental briefs on the issue of construction and validity of the amend-

ment to the MPC. On March 26, 1991, Commonwealth Court denied reargument. On February 20, 1991 this court granted the builders' petition for allowance of appeal.

We agree with Commonwealth Court that our decision in *In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978), held that a court may decline to decide a matter where the case has been rendered moot by a change in the facts of the case or the applicable law. In this case, however, one of the parties claims that the case is not moot because the amendment to the MPC which authorizes impact fees may not be applied retroactively, and in any event, is invalid. It was error not to have allowed reargument and supplemental briefing in the face of such claims, for the parties have never had an opportunity to address the matters upon which the court based its decision.

It was error also to dismiss the case as moot based on Act 209. In *Gibson v. Commonwealth*, 490 Pa. 156, 161–62, 415 A.2d 80, 83 (1980) this court stated:

> When ... the constitution declares that it is the exclusive function of the courts to try private cases of disputed right, and that they shall administer justice "by the law of the land," and "by due course of law," it means to say, that the law relating to the transaction in controversy, at the time when it is complete, shall be an inherent element of the case, and shall guide the decision; and that the case shall not be altered, in its substance, by any subsequent law.

> This established view is consistent with federal decisional law which squarely holds that a legislature may not constitutionally eliminate *in toto* a remedy, whether judicially or legislatively created, which has already accrued.

(Citations omitted.)

The builders' claim that the impact fee is invalid would be extinguished by Act 209 if it were to be applied retroactively, as Commonwealth Court held it should be. However, *Gibson* plainly prohibits such retroactive extinguishment of claims (and, therefore, remedies). It was error, therefore, to dismiss the case as moot because of Act 209.

Because Commonwealth Court has already heard oral argument and received briefs on this case, but has not addressed the issues raised by the parties, the case is remanded to Commonwealth Court for disposition on the merits of the issues raised by the parties.

Order of Commonwealth Court is vacated and the case is remanded for disposition on the merits.

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, C.J., files a dissenting opinion which is joined by CAPPY, J.

NIX, Chief Justice, dissenting.

I dissent because this case has been rendered moot and should be dismissed.

This case relates strictly to whether the Municipalities Planning Code, 53 P.S. § 10101 *et seq.,* in effect at the time the trial court decided this case, authorized impact fees. Any response to that question was rendered moot when the General Assembly amended the Municipalities Planning Code to allow municipalities to impose impact fees under certain conditions. An identical situation was raised in *Commonwealth of Pennsylvania, Dep't of Envtl. Resources v. Jubelirer,* 531 Pa. 472, 614 A.2d 204 (1992). In that case, we dismissed the appeal as moot because the General Assembly amended the statute in question by the time the case was heard on appeal. We should follow the same procedure in the instant matter. There being no justiciable controversy, the appeal should be dismissed as moot.

CAPPY, J., joins in this dissenting opinion.