**[J-78-2013]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| ALDERWOODS (PENNSYLVANIA), INC., | : No. 12 WAP 2013 |
| A WHOLLY OWNED SUBSIDIARY OF | : |
| SERVICE CORPORATION | : Appeal from the Order of the Superior |
| INTERNATIONAL, T/A BURTON L. | : Court entered July 27, 2012 at No. 1967 |
| HIRSCH FUNERAL HOME, | : WDA 2010, reversing the Order of the |
| | : Court of Common Pleas of Allegheny |
| Appellee | : County entered December 13, 2010 at No. |
| | : GD-09-14720 and remanding. |
| | : |
| v. | : ARGUED: October 15, 2013 |
| | : |
| | : |
| DUQUESNE LIGHT COMPANY, | : |
| | : |
| Appellant | : |

**DISSENTING OPINION**

**MADAME JUSTICE TODD**                    **DECIDED: DECEMBER 15, 2014**

While the majority has presented a thoughtful and reasonable legal analysis, I must respectfully dissent because the majority's affirmance of the Superior Court's decision is based on an issue outside of the scope of our grant of review.

The majority finds that Appellant — Duquesne Light — has a duty to take reasonable measures to avoid harm to one of its customers prior to restoring power, when it has actual or constructive knowledge of a danger created by an overvoltage triggered by downed power lines, and that this duty could entail warning the customer of the dangerous situation prior to restoring power to the customer's premises. I acknowledge that the Superior Court found Duquesne Light to have such a duty to warn under the particular circumstances of this case — in addition to a duty to inspect the premises of Appellee ("Hirsch Funeral Home") — prior to reconnecting power.

However, I deem it inappropriate to opine on the duty to warn at present, as we have not had the benefit of briefing from the parties with respect thereto — a situation which, in my view, is the probable result of the manner in which our Court structured the order granting allowance of appeal. Our Court granted allowance of appeal to address three specific questions, as stated by Duquesne Light:

> 1. Whether the Superior Court erred in imposing upon electric utilities a burdensome and unprecedented **duty to enter customers' premises and inspect** customers' electrical facilities before restoring power after an outage?
>
> 2. Whether the Superior Court overlooked the deleterious effects of its ruling upon public health and safety, in that **by requiring utilities to inspect customers' premises before restoring power**, the new duty created by the Superior Court will delay utilities' efforts to restore power after storms and other outages?
>
> 3. Whether the Superior Court overlooked undisputed facts of record that undermine the rationale of its decision?

Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co., 66 A.3d 763-64 (Pa. 2013) (order) (emphasis added).

The plain import of this order granting allowance of appeal was to inform the parties that our Court would be considering **only** the portion of the Superior Court decision in which it found Duquesne Light to have a duty to inspect its electrical equipment inside of the funeral home, prior to reconnecting power, because that equipment sustained potential damage due to the downed power lines. Thus, our order did not indicate that we would consider the secondary aspect of the Superior Court's holding that Duquesne Light had, in the alternative, a duty to warn Hirsch of the danger presented by its reconnection of electrical service to Hirsch's damaged electrical system. Consequently, I do not fault Duquesne Light for what the majority characterizes

as a failure to adequately acknowledge this second basis of the Superior Court holding, and to address it in its brief. See Majority Opinion at 1 ("It is material to bear in mind from the outset, however, that [Duquesne Light's] portrayal of the issues fails to adequately address the Superior Court's formulation of electric-company duties, in the alternative, to . . . at a minimum, to warn a customer, under the facts alleged." (emphasis original)); id. at 19 (observing that Duquesne Light "fails to deal squarely with" the issue of its duty to warn); id. at 25 ("Since Duquesne Light has failed to adequately confront the common law duties invoked by Hirs[c]h or the warnings dynamic tempering the Superior Court's ruling, we have little basis to assess whether the electric company might be accorded immunity from such duties, or whether a requirement to warn might be unreasonable."). Instead, I view such "failures" as reasonably attributable to the narrow parameters of our order granting allowance of appeal which did not encompass a duty to warn.[1]

Nevertheless, I consider the question of whether Duquesne Light had a duty to warn under these circumstances to be an important one and worthy of our review. For that reason, I would permit additional briefing by the parties on the failure to warn issue. This course of action would be consistent with our Court's long-standing adherence to the fundamental principle that every party to a matter must be given the full and fair opportunity to brief the issues that a court will ultimately be addressing. See, e.g., Cranberry Twp. v. Builders Ass'n of Metropolitan Pittsburgh, 621 A.2d 563, 565 (Pa. 1993) (holding that it was error for the Commonwealth Court to deny reargument and

---

[1] In its responsive brief, Hirsch referred to the Superior Court's finding of a duty to warn, and Duquesne Light acknowledged this in its reply brief. However, given the limited scope of our order granting allocatur, which did not obligate the parties to speak to this question, such cursory and superficial treatment does not, in my view, constitute the meaningful developed advocacy normally required by our Court when considering an issue on which we have expressly granted review.

rebriefing where the parties "never had an opportunity to address the matters upon which the court based its decision").[2]

Accordingly, I must dissent.

---

[2] Although the majority suggests its course of action is consistent with the well-established legal principle that an appellate court may affirm a lower court ruling on any grounds, See Majority Opinion at 22 n.15, I note that this jurisprudential maxim applies only when the specific issue on which we are affirming is properly before our Court. As a general matter, our Court does not ordinarily opine to issues which are outside our grant of allowance of appeal, and not fairly subsumed therein. See, e.g., Six L's Packing Co. v. W.C.A.B., 44 A.3d 1148, 1151 n.3 (Pa. 2012) (refusing to consider aspect of ruling of WCJ which was beyond the scope of the grant of allocatur); Commonwealth v. Watts, 23 A.3d 980, 982 n.2 (Pa. 2011) (refusing to consider arguments relating to alleged errors in a prior decision of our Court, as they were not matters on which we granted allowance of appeal), Malt Beverages Dist. Ass'n. v. Pa.L.C.B., 974 A.2d 1144, 1152 n.14 (Pa. 2009) (refusing to consider arguments relating to factual considerations and the application of administrative agency rules which were outside of the scope of grant of allowance of appeal). We may do so, of course, where, as here, the issue is of substantial societal importance and there are vital interests of public safety at stake, but, in such circumstances, I deem it appropriate to direct additional briefing in order to permit the parties to be heard on the issue. The question of whether Duquesne Light had a duty to warn the owners of the funeral home is, in my view, separate from the question of whether they had a duty to physically inspect the electrical equipment therein. Indeed, the question of whether Duquesne Light had a duty to warn under these circumstances was not specifically argued in the lower courts, and the prospect of the existence of such a duty was first broached in a brief paragraph in the Superior Court's opinion. Inasmuch as the competing views of the parties on this question have not been fully explored, either in the proceedings below or at present, I deem it beneficial, and in furtherance of the interests of fundamental fairness, to allow the parties the opportunity to provide a fuller, more developed exploration of this issue before our Court through additional briefing.