618 A.2d 1101

**Raymond H. SMITH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Gary L. MILLER and James Skinner), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Dec. 2, 1992.

Pamela Cochenour, for petitioner.

Richard G. Spagnolli, for respondents.

Before SMITH and PELLEGRINI, JJ., and LORD, Senior Judge.

SMITH, Judge.

Raymond H. Smith (Smith) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the claim petition filed by Gary L. Miller (Claimant) against Smith and awarding Claimant total disability benefits. The issue raised on appeal is whether Smith is a statutory employer secondarily liable to Claimant for the payment of compensation benefits pursuant to Section 302(b) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 462. For the following reasons, the Board's order is reversed.

Smith has been a self-employed developer since 1982. In 1984, he purchased approximately twenty-two acres of land in the Borough of Oakmont, Allegheny County, for the purpose of constructing a townhome development. After obtaining the Borough's approval for subdivision, Smith solicited bids for development work such as roads, sewers, and other common facilities. One of the successful bidders for carpentry work

was James W. Skinner (Skinner) who was to erect wooden framing for the townhomes and later perform the trim work. Thereafter, Skinner hired Claimant to do rough carpentry work at the construction site. On December 20, 1988, approximately one month after beginning work for Skinner, Claimant sustained a work-related injury to his left ankle. He filed claim petitions against Skinner and Smith which were consolidated by the referee.

At hearings before the referee, the parties stipulated, inter alia, that Smith is in the business of developing land and that he is building the townhomes for sale. The referee found that Claimant sustained a work-related injury which rendered him totally disabled; Skinner did not carry worker's compensation insurance on the date of Claimant's injury; [1] Smith was in a dual capacity as an owner and a general contractor for the development; and the construction site was under the control of Smith through his employees who oversaw that the work of various contractors was done properly and who occasionally directed Claimant as to the manner in which his work was to be performed when Skinner was not on the job site. The referee concluded that Smith was liable as a statutory employer to Claimant and awarded him total disability benefits to be paid by Smith who then would have the right to recover from Skinner the amount paid. On appeal, the Board affirmed the referee's decision.

On appeal to this Court, Smith does not challenge the referee's finding that Claimant was totally disabled due to his work-related injury.[2] He contends, however, that because he was an owner of the development, he cannot be considered a statutory employer under Section 302(b) of the Act which provides:

1. Skinner appeared without counsel at the first hearing before the referee, but failed to appear at any further hearings or depositions despite being duly notified.

2. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether there was a violation of constitutional rights. *Yezovich v. Workmen's Compensation Appeal Board (USX Corp.),* 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992).

Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor.

For purposes of this subsection (b), the term 'contractor' shall have the meaning ascribed in section 105 of this act.

Section 105 of the Act, 77 P.S. § 25, defines "contractor" as follows:

The term 'contractor,' as used in article two, section two hundred and three, and article three, section three hundred and two (b), shall not include a contractor engaged in an independent business, other than that of supplying laborers or assistants, in which he serves persons other than the employer in whose service the injury occurs, but shall include a subcontractor to whom a principal contractor has sublet any part of the work which such principal contractor has undertaken.

In Section 302(b) of the Act, the legislature evinced a clear intent to place primary responsibility for payment of worker's compensation benefits upon the first financially responsible employer in the subcontractor chain, even if that employer is not the one primarily liable. *Ace Tire Co. v. Workmen's Compensation Appeal Board (Hand)*, 101 Pa.Commonwealth Ct. 186, 515 A.2d 1020 (1986), *appeal denied*, 515 Pa. 610, 529 A.2d 1083 (1987).

■ The Courts of this Commonwealth have consistently held that in order for the statutory employer doctrine to apply, five elements must be present: (1) an employer who is under contract with an owner or someone in the position of an

owner; (2) premises occupied by or under the control of such employer; (3) a subcontract made by such employer; (4) part of the employer's regular business is entrusted to such subcontractor; and (5) a claimant who is an employee of such subcontractor. *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424 (1930); *Caldarelli v. Workmen's Compensation Appeal Board (Mastromonaco)*, 115 Pa.Commonwealth Ct. 611, 542 A.2d 181, *appeal denied*, 520 Pa. 592, 551 A.2d 218 (1988). These elements are to be strictly construed by the appellate courts. *Mathis v. United Engineers & Constructors, Inc.*, 381 Pa.Superior Ct. 466, 554 A.2d 96, *appeal denied sub nom. Mathis v. Philadelphia Elec. Co.*, 523 Pa. 632, 637, 564 A.2d 1260, 1261, 565 A.2d 445 (1989).

In *McDonald*, the Levinson Steel Company hired Uhl, another steel company, to construct a shed for Levinson on property which it leased. Levinson argued that it was the statutory employer of an injured worker hired by Uhl. The Supreme Court rejected this argument and held that an owner in erecting his or her own building does so as an owner, not as a principal contractor or statutory employer, although his or her regular course of business may be that of a builder. The Court stated:

> Where an owner contracts with another for work on his premises in furtherance of his regular business, the employment is an independent one, establishing the relation of contractee and contractor and not that of master and servant or statutory employer and employee, and a workman injured on that work is not entitled to compensation from the owner as statutory employer or master unless the relation of master and servant is established by the contract reserving control over the means of accomplishing the work as well as over the result to be accomplished.

*Id.* at 296–97, 153 A. at 427.

Smith argues that a property owner may be liable for negligence at common law, but cannot be held liable as a statutory employer under the Act. According to Smith, a statutory employer status may not be found unless the owner and the employer hiring the subcontractor are two different

people. Thus, he asserts, the dual capacity theory advanced by the referee and the Board is not consistent with the *McDonald* holding that an owner is not a principal contractor or employer although his or her regular course of business may be that of a builder.

While the analysis applied by the referee and the Board is an enticing one, it simply is not the law in this Commonwealth. The Supreme Court's holding in *McDonald* is clear that the Act "specifically excludes an owner from liability to the employees of an independent contractor." *Id.* at 294, 153 A. at 426. The finding that Smith exercised occasional direction over Skinner's employees does not justify the conclusion that there was between Smith and Skinner's employees the master-servant relationship necessary under the Act to hold that Smith was a statutory employer. It is undisputed that Skinner hired and paid Claimant, directed Claimant's day-to-day activities, and provided him with the necessary equipment.

Furthermore, even if this Court were to assume that Smith had a dual capacity of owner and general contractor, statutory employer status cannot be found because there is no evidence of the existence of a contract between a builder/developer and the owner as required by *McDonald.* There is no evidence to support the Board's inherent assumption that Smith contracted with himself to build on his own property. Consequently, the first element set forth in *McDonald* for determining statutory employer status has not been met, thus rendering unnecessary this Court's examination of the remaining elements.

Claimant contends, however, that Section 302(b) makes no exception for property owners and instead provides that the general contractor, or in this case a builder/developer, require subcontractors to secure the payment of worker's compensation benefits to their employees. He points to this Court's observation in *Ace Tire* that a general contractor could have avoided its liability by requiring the subcontractor to procure insurance coverage but chose not to do so. *Ace Tire* is inapposite to the matter sub judice because it was not a case

in which one of the parties was an "owner" for purposes of the Act.

Claimant and the Board attempt to distinguish *McDonald* and *Caldarelli* by noting that the properties upon which the employees were injured were being held for the owners' personal use, whereas Smith's development was held in ownership for the purpose of resale once the townhomes were constructed.[3] Such a position at once both misperceives the holdings of those cases and attempts to carve out exceptions for which no authority may be found. *McDonald* clearly states: "[a]n owner in erecting his own building, does so as an owner, not as a principal contractor or its synonym, 'employer,' *although his regular course of business may be that of a builder.*" *Id.*, 302 Pa. at 295, 153 A. at 427 (emphasis added). Furthermore, the Board's reliance on *Caldarelli* is misplaced. In that case, the owner of the property on which the claimant was injured was constructing a model home in furtherance of a residential construction business. Despite the clearly-expressed business intent of the owner, this Court held that the owner could not be a statutory employer under the Act. *See also Zizza v. Dresher Mechanical Contractors, Inc.*, 358 Pa.Superior Ct. 600, 518 A.2d 302 (1986), *appeal denied*, 516 Pa. 643, 533 A.2d 714 (1987). This Court therefore specifically rejects the Board's approach, which Claimant terms a "profit-oriented business purpose" analysis, since it has no basis in the law.

The Board also concluded that Claimant was a "borrowed employee" of Smith because his employees directed Claimant as to his work responsibility when Skinner was not available. In order to fall within the scope of the borrowed employee doctrine, the borrowing employer must control or have the right to control the borrowed employee with regard

---

**3.** The Board also attempts to distinguish the line of statutory employer doctrine cases by noting that in most of these cases the employer was defensively using the doctrine in an attempt to obtain immunity from common law negligence actions. While this is an accurate assessment of the procedural aspect in many of these cases, it is nevertheless a meaningless distinction and does not affect the proper *McDonald* analysis to be applied in determining statutory employer status.

to both the work to be done and the manner of performing it. *Mathis.* Claimant's testimony establishes that only Skinner had the right to control the details of Claimant's work, and there is no finding by the referee that Smith assumed control of the manner in which Claimant performed his job. Therefore, the borrowed servant doctrine cannot justify an award of benefits against Smith. In light of this Court's holding, the other issues raised by Smith need not be further addressed. Accordingly, the Board's order is reversed.

## ORDER

AND NOW, this 2nd day of December, 1992, the order of the Workmen's Compensation Appeal Board dated November 20, 1991 is reversed.