44 A.3d 1148

**SIX L'S PACKING COMPANY and its Claims Administrator, Broadspire Services, Inc., Appellants**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WILLIAMSON), Appellee.**

Supreme Court of Pennsylvania.

Argued March 6, 2012.

Decided May 29, 2012.

616

Sharolyn L. Murphy, Philadelphia, for Six L's Packing Co. and its Claims Administrator, Broadspire Services, Inc.

Amber Marie Kenger, Richard C. Lengler, Workers Compensation Appeal Board, Harrisburg, for Workers Compensation Appeal Board.

Jennifer Chun Strawn, Jeffrey L. Zeitz, Sand and Saidel, P.C., Philadelphia, for Kevin Williamson.

Erich Mark Diehl, PA Workers' Compensation Appeal Board, Philadelphia, Thomas Joseph Kuzma, Harrisburg, for Appellee Amicus Curiae, Department of Labor and Industry, Bureau of Workers' Compensation.

Paul Timothy Kelly, Mattise & Kelly, P.C., for Appellee Amicus Curiae, Pennsylvania Association for Justice.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice SAYLOR.

The questions presented center on whether Appellant bears liability for workers' compensation benefits as a statutory employer of an injured truck driver employed by an independent contractor.

Pursuant to Section 302(a) of the Workers' Compensation Act,[1] certain "contractors" bear secondary liability for compensation to injured workers employed by their "subcontractors," as follows:

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcon-

1. Act of June 2, 1915, P.L. 736 (as amended, 77 P.S. §§ 1–1041.1; 2501–2626) (the "WCA" or the "Act").

tractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. 77 P.S. § 461. *See generally McDonald v. Levinson Steel Co.,* 302 Pa. 287, 292, 153 A. 424, 425 (1930) ("A statutory employer is a master who is not a contractual or common-law one, but is made one by the Act."). As is relevant to the present case, Section 302(a) also specifies that one who contracts with another to have certain work performed—including work "of a kind which is a regular or recurrent part of the business ... of such person"—is deemed a "contractor," for purposes of the aforementioned prescription conferring statutory employer status. 77 P.S. § 461. In the same vein, the other party to the agreement is deemed a "subcontractor." *See id.* Other work implicating a contractor-subcontractor relationship under Section 302(a) includes removal, excavation, or drilling of soil, rocks, or minerals and the cutting or removal of timber from lands. *See id.*[2]

Appellant, Six L's Packing Company, Inc., (now Lipman Produce) grows, harvests, processes, and distributes tomatoes and other produce. The company owns and leases various farms and distribution and processing facilities in North America.

In April 2002, Appellant contracted with F. Garcia & Sons ("Garcia") to perform various services, including transporting tomatoes between a warehouse in Shickshinny, Pennsylvania, and a processing facility in Crisfield, Maryland. Claimant, who was employed by Garcia as a truck driver, suffered injuries in a vehicle accident on a Pennsylvania roadway while transporting Appellant's tomatoes between the above locations. Claimant filed claim petitions against Garcia and against Appellant, and it was determined during the course of the ensuing litigation that Garcia did not maintain workers' compensation insurance. The present proceedings are centered on the claim against Appellant, pursued, *inter alia*, on the theory that Appellant was Claimant's statutory employer,

---

**2.** The statute excepts owners and lessees of agricultural lands which contract for timber removal, who are not covered employers under the Act. *See* 77 P.S. § 461.

per Section 302(a) of the WCA, and, accordingly, is secondarily liable for the payment of workers' compensation benefits.

In the proceedings before a workers' compensation judge (the "WCJ"), Appellant submitted evidence to establish that it did not own trucks or employ drivers, but, rather, utilized independent contractors, such as Garcia, to supply transportation services. Appellant thus took the position that it was not Claimant's employer. With regard to Claimant's assertion that Appellant was a statutory employer per Section 302 of the WCA, Appellant asserted that Section 302 liability on the part of an entity may be established only where a Claimant proves the following five elements set forth in *McDonald:*

> (1) the entity is under contract with an owner or one in position of an owner; (2) the entity occupies or is in control of the premises [where the injury occurred]; (3) the entity entered into a subcontract; (4) the entity entrusted a part of its regular business to the subcontractor; and (5) the injured party is an employee of such subcontractor.

*Gann v. WCAB (MBS Mgmt./Wellington East Dev.)*, 792 A.2d 701, 705 (Pa.Cmwlth.2002) (citing *McDonald,* 302 Pa. at 295, 153 A. at 426). Since Claimant was injured on a public highway, and not on premises occupied or controlled by Appellant, the company took the position that *McDonald* was not satisfied, and, therefore, it could not be deemed a statutory employer. Nevertheless, the WCJ summarily opined that the *McDonald* test was met and found Appellant liable for payment of workers' compensation benefits per Section 302(a).[3]

The Workers' Compensation Appeal Board (the "WCAB" or the "Board") affirmed, although, given that Claimant's injury occurred off premises, the Board did not agree that the *McDonald* test was met. Rather, the Board reasoned that *McDonald* simply does not pertain to statutory employer

3. The WCJ also found that Appellant had agreed to procure workers' compensation coverage for drivers employed by Garcia while supplying transportation services for Appellant. This conclusion was not the basis for the later rulings on appeal and is outside the scope of the present allocatur grant. *See Six L'S Packing Co. v. WCAB (Williamson)*, 611 Pa. 273, 24 A.3d 859 (2011) (*per curiam* ).

status under Section 302(a). *See Williamson v. Six L's Packing Co.*, No. A07–0437, *slip op.* (WCAB Mar. 17, 2009).

In this regard, the WCAB explained that *McDonald* concerned Section 203 of the WCA, *see* 77 P.S. § 52, a provision which confirms that certain entities deemed to be statutory employers enjoy the same immunity from liability in tort as one who is an employer in fact. In this regard, Section 203 prescribes:

> An employer *who permits the entry upon premises occupied by him or under his control* of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. § 52 (emphasis added).[4]

The Board further observed that Section 203 dovetails with Section 302(b) of the Act, which provides for liability of a statutory employer to pay workers' compensation benefits, as follows:

> Any employer *who permits the entry upon premises occupied by him or under his control* of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.

77 P.S. § 462 (emphasis added).[5] *See generally Vandervort v. WCAB (City of Philadelphia)*, 899 A.2d 414, 418 (Pa.Cmwlth.

---

4. The provision appears in Chapter 2 of the Act, which addresses "Damages By Action at Law." 77 P.S., Ch. 2 (title).

5. For purposes of Section 302(b), "contractor" is defined in a way that excludes independent contractors, other than those in the business of supplying a labor force, who contract with others. *See* 77 P.S. § 25 (setting forth a partial definition of "contractor"), 462 (incorporating such partial definition into Section 302(b)).

2006) ("An entity's status as a 'statutory employer' results in liability for workers' compensation insurance and, coextensively, provides immunity to the statutory employer from common law tort liability.").[6] Since both the Section 203 immunity and Section 302(b) liability provisions concern employers who permit entry upon premises occupied by them or under their control, the WCAB explained that they have been construed similarly as pertaining to on-premises injuries. *See Williamson*, No. A07–0437, *slip op.* at 8 (citing *Leibensperger v. WCAB (Thomas H. Lewis Builders, Inc.)*, 813 A.2d 28 (Pa. Cmwlth.2002), for the proposition that "Section 302(b) has been applied to work injuries at fixed work sites, such as construction sites"). In light of this parallel, the *McDonald* test also had been extended from the Section 203 setting into the Section 302(b) context. *Accord Vandervort*, 899 A.2d at 419 ("The *McDonald* test has been utilized over the years to determine whether an entity is a statutory employer under both the tort immunity section (203) and the insurer section (302(b)).").

The WCAB emphasized that Section 302(a), by contrast, contains no language analogous to that found in Sections 203 and 302(b) to suggest a similar on-premises-injury limitation. *See Williamson*, No. A07–0437, *slip op.* at 7. Moreover, the Board highlighted, Section 302(a)'s approach to statutory-employer status was added via amendments which post-dated *McDonald*. *See id.* at 11. Given the textual differences and this history, the WCAB did not believe that courts and administrative tribunals should engraft the *McDonald* elements, derived from a previous statute, onto the later-enacted Section 302(a).

The WCAB did recognize that there are decisions of the intermediate appellate courts which have not distinguished

6. Some decisions of the Commonwealth Court suggest that Sections 203 and 302(b) may not, in all instances, be interpreted coextensively, since, given their different purposes, they are subject to differing rules of construction. *See, e.g., Vandervort*, 899 A.2d at 420–21 (citing *McGrail v. WCAB (Cnty. of Lackawanna)*, 145 Pa.Cmwlth. 595, 604 A.2d 1109 (1992)). It is beyond the scope of the present appeal to address this line of reasoning.

between Sections 302(a) and (b) in terms of *McDonald's* application. *See id.* at 10 (citing *Gann,* 792 A.2d at 701, *Williams v. WCAB (Global Van Lines),* 682 A.2d 23 (Pa. Cmwlth.1996), and *Wright Demolition & Excavating Co. v. WCAB (Manuel),* 61 Pa.Cmwlth. 479, 434 A.2d 232 (1981), for the proposition that "the courts have … given mixed signals as to whether the *McDonald* test applies to Section 302(a)"). Nevertheless, the WCAB found support for its interpretation in *Delich v. WCAB (Lyons),* 661 A.2d 936 (Pa.Cmwlth.1995), which held that a claimant did not need to prove that the *McDonald* factors were present to establish that an entity was a statutory employer, where the statutory elements of Section 302(a) were met. The WCAB realized that *Delich* involved circumstances in which the injured worker was an employee of an uninsured subcontractor engaged by the contractor to remove timber from lands, and, accordingly, the intermediate court had relied on the proviso of Section 302(a) pertaining to such activities. *See Williamson,* No. A07–0437, *slip op.* at 12. Nevertheless, the Board explained that such proviso and the regular-or-recurrent-business clause (which is the subject of this appeal) are phrased in the disjunctive, so that either scenario will support Section 302(a) liability for payment of workers' compensation benefits. *See id.* at 9, 12 ("*Delich* determined that the legislature intended a contractor under the second paragraph of Section 302(a) be excluded from the requirement that it occupy or control the premises where the injury occurred before it will be held liable for the payment of compensation.").

The WCAB recognized the tension between its analysis and the application of *McDonald* in the Commonwealth Court's decision in *Williams,* 682 A.2d at 28 (indicating that neither Section 302(a) nor 302(b) applied where the alleged statutory employer did not control or occupy the premises where the injury occurred). The Board, however, found that the statutory employer argument had been "dismissed" in *Williams. See Williamson,* No. A07–0437, *slip op.* at 10.[7] The Board also

7. The meaning of this remark is not clear, since the *Williams* court applied *McDonald* to hold that the alleged statutory employer was not,

distinguished *Williams* on its facts, since the claimant had not been engaged in supplying services on behalf of the alleged statutory employer at the time of his injury. *See id.*

According to the WCAB, the evidence and the WCJ's findings established that Appellant contracted with Garcia to have work performed of a kind that was a regular part of Appellant's business. Therefore, the Board regarded Appellant as a contractor under Section 302(a) of the Act and Garcia as a subcontractor. Because Claimant was an injured employee of Appellant's uninsured subcontractor, the WCAB concluded that Appellant was Claimant's statutory employer. For this reason, the Board agreed with the workers' compensation judge's conclusion that Appellant bore secondary liability for the payment of workers' compensation benefits. *See Williamson,* No. A07–0437, *slip op.* at 12–13.

On further appeal, the Commonwealth Court affirmed on essentially the same reasoning as that of the WCAB. *See Six L's Packing Co. v. WCAB (Williamson),* 2 A.3d 1268 (Pa. Cmwlth.2010). In particular, the court agreed with the WCAB that *Delich* "establishes that where an entity is deemed a statutory employer under Section 302(a) of the Act, the claimant need not concern himself with the factors set forth in Section 302(b)" or the *McDonald* test. *Id.* at 1280. The court distinguished *Wright* and *Leibensperger* as fixed-site cases and addressed the incongruity with *Williams* through the observation that the claimant had not presented an argument based "exclusively" on Section 302(a). *Id.* at 1281.

Finally, Appellant had argued that, as a property "owner" (as opposed to an entity contracting with such an owner), it could not be deemed a statutory employer, per the following admonition from *McDonald:*

Where an owner contracts with another for work on his premises in furtherance of his regular business, the employment is an independent one, establishing the relation of

in fact, a statutory employer under either Sections 302(a) or 302(b). *See Williams,* 682 A.2d at 28–29.

> contractee and contractor and not that of master and servant or statutory employer and employee, and a workman injured on that work is not entitled to compensation from the owner as statutory employer or master unless the relation of master and servant is established by the contract reserving control over the means of accomplishing the work as well as over the result to be accomplished.

*McDonald,* 302 Pa. at 296–97, 153 A. at 427; *accord Gann,* 792 A.2d at 703 (citing *Smith v. WCAB (Miller),* 152 Pa.Cmwlth. 77, 618 A.2d 1101 (1992)). Consistent with its approach to the on-premises-injury requirement, however, the Commonwealth Court determined that the owner exclusion set forth in *McDonald* had no application to claims under Section 302(a). *See Williamson,* 2 A.3d at 1281.

Presently, Appellant contends that *McDonald* has been applied by the intermediate courts to all statutory employer determinations for the last thirty years. *See* Brief for Appellant at 12. While otherwise acknowledging that the *Delich* court found *McDonald* to be inapplicable to Section 302(a), Appellant urges that *Delich's* effect should be restricted to scenarios involving movement of soil, rocks, minerals, or timber. *Id.* at 11 ("It is reasonable to assume that the Legislature was looking to the future in order to cover situations similar to soil excavation or timber removal not at that point foreseen, when it drafted Section 302(a)."). Appellant also emphasizes that, soon after *Delich,* the Commonwealth Court returned to its prior approach of couching Sections 302(a) and (b) as homogeneous. *See id.* at 17 ("The Commonwealth Court's foray down [*Delich's* ] extremely restrictive legislative analysis of Section 302 was short-lived." (citing indications from *Williams, Gann,* and *Leibensperger* to the effect that *McDonald* applies across Section 302)). Appellant also points to this Court's statement, in broad terms, that "[the *McDonald* ] five-part test has consistently been cited by the courts below as the test which should be applied when determining statutory employer liability." *Fonner v. Shandon, Inc.,* 555 Pa. 370, 375, 724 A.2d 903, 905 (1999). *See generally* Brief for Appellant at 25 ("In order for the Commonwealth

Court's decision below to stand, this Honorable Court would have to ignore thirty years of precedent, overrule *Wright* and *Leibensperger,* and render Section 302(b) meaningless through statutory construction. This the Court need not do." (citation omitted)).

Appellant also believes that a broad interpretation of Section 302(a) would eclipse Section 302(b), rendering the latter's provisions meaningless. *Accord Wright,* 61 Pa.Cmwlth. at 481–82, 434 A.2d at 233–34 (reasoning that the failure to extend the on-premises limitation to Section 302(a) would contravene the requirement that statutes are to be construed in such a way as to make the entire statute effective) (citing 1 Pa.C.S. § 1922(2)). According to Appellant, an on-premises limitation is "workable" and "reasonable." *See, e.g.,* Brief for Appellant at 22 ("It is more reasonable to assume that the legislature was looking to the future in order to cover situations similar to soil excavation or timber removal not at that point foreseen."). Appellant recognizes that the purpose of Section 302 is to "prevent certain general contractors from getting a 'free walk,' if they did not require their subcontractors to carry compensation insurance." *Id.* at 23. *See generally* 77 P.S. § 462.1 ("A contractor shall not subcontract all or any part of a contract unless the subcontractor has presented proof of insurance under this act."). It is Appellant's position, however, that the application of the *McDonald* test wholly achieves this purpose. *See* Brief for Appellant at 23.

Finally, Appellant maintains that, under the decisional law, a property owner simply cannot be a statutory employer. *See, e.g., McDonald,* 302 Pa. at 296–97, 153 A. at 427 ("Where an owner contracts with another for work on his premises in furtherance of his regular business, the employment is an independent one, establishing the relation of contractee and contractor and not that of master and servant or statutory employer or employee ...."). [8] According to Appellant, the owner exclusion is not rooted in *McDonald,* as the Common-

8. The Court recognized an exception, however, where the contract reserves control over the means of accomplishing the work and the result to be accomplished. *See id.* at 297, 153 A. at 427.

wealth Court indicated, but rather, pre-dated such decision. *See, e.g., Brooks v. Buckley & Banks,* 291 Pa. 1, 6, 139 A. 379, 381 (1927). Appellant also relies on *McDonald's* observation that independent contractors were excluded from the definition of contractors per Section 105 (which is expressly incorporated into Section 302(b)). *See McDonald,* 302 Pa. at 293, 153 A. at 425–26. Thus, it is Appellant's position that there must be a principal contractor in order for Section 302 to pertain. *See* Brief for Appellant at 30. Appellant urges that the owner exclusion should be preserved on these terms and extended to Section 302(a) to promote predictability and consistency in judicial decision-making. *See id.* at 31.[9]

Claimant, on the other hand, advances the reasoning of the Board and the Commonwealth Court. According to Claimant, permitting Appellant to evade responsibility to provide workers' compensation benefits as a statutory employer per the plain language of Section 302(a) would contravene the intent of the General Assembly to provide security for injured workers. *Accord* Brief for *Amicus* Commonwealth of Pa., Dep't of Labor & Indus., Bureau of Workers' Comp. at 11 (citing *Hannaberry HVAC v. WCAB (Snyder),* 575 Pa. 66, 834 A.2d 524 (2003), for the proposition that the Act is remedial legislation which is to be liberally construed in favor of injured workers to effectuate its humanitarian objectives). Claimant reasserts that adoption of Appellant's perspective on Section 302 would render Section 302(a) largely redundant and superfluous. According to Claimant:

> As rewritten forty-four years after *McDonald* was decided, Section 302(a) ... evinces the General Assembly's unmistakable intent to create a class of statutory employers to be broader than that described in Section 302(b)—oftentimes principal contractors in construction cases involving injuries

9. Appellant also argues that, despite its representative's description of it as a "farming, packing and shipping company," N.T., April 24, 2006, at 5 (deposition of Appellant's compliance manager), and the workers' compensation judge's finding that transportation of produce between facilities was a necessary part of Appellant's regular business, its operations entail only farming, whereas the business at issue in Claimant's case is "trucking." Brief for Appellant at 25–28. This argument, however, is beyond the scope of the issues accepted for our review.

sustained by employees of subcontractors on premises controlled by the principal contractors. The broadening, rather than contraction or containment, of the class of statutory employers is consistent with the legislative objective, creation of such a class for the protection of injured workers who otherwise would not receive compensation on account of their primary employers' lack of workers compensation insurance.

Brief for Claimant at 20; *accord* Brief for *Amicus* Pa. Ass'n for Justice at 10 ("Should this Court apply the language of Section 302(b) and the rationale of *McDonald* and its progeny to this case, the Court would effectively eliminate Section 302(a) from the Act and render it meaningless.").

Claimant further criticizes Appellant's proposed confinement of Section 302(a) to the soil/rocks/minerals/timber setting. Such a limiting construction, Claimant contends, would contravene the express legislative direction that Section 302(a) also applies to activities involving regular or recurrent aspects of an alleged statutory employer's business. *See* Brief for Claimant at 20 ("Use of the disjunctive clearly means that the work under contract must entail either (1) activities pertaining to soil, rock, minerals or timber, 'or' (2) activities involving a regular or recurrent part of the alleged statutory employer's business, and not both, in order to come within the ambit of subsection (a).").

Claimant's arguments place strong emphasis on *Delich's* reasoning, stressing its consistency with Section 302(a)'s plain terms. Further, Claimant observes that many of the decisions relied upon by Appellant, such as *Wright* and *Leibensperger*, entailed fixed-site work injuries. Although *Williams* was not such a case, like the Commonwealth Court, Claimant distinguishes this decision on its facts (albeit that certainly the *Williams* court regarded *McDonald* as applicable across Section 302).

Additionally, Claimant contends that Appellant's position that, as a property owner, it cannot be held liable as a statutory employer is based in neither fact nor law. In the

first instance, Claimant notes that Appellant's claim to the status of a property owner is in the abstract, since Appellant plainly was not the owner of the *relevant* premises, *i.e.,* the public roadway where Claimant was injured. Moreover, whatever the merits of a *per se* property owner exclusion (for those who do own the premises on which an injury has occurred) as may have evolved under the terms of Sections 203 and/or 302(b), Claimant asserts that such an exception is fundamentally incompatible with the plain terms of Section 302(a). *See, e.g.,* Brief for Claimant at 35 ("That the General Assembly did not intend to base the rights of workers on ownership of property as a disqualifying factor is evident in Section 302(a), which makes no reference whatsoever to 'occupancy and/or control' of the premises as in Section 302(b)."). Moreover, Claimant advances the following policy-oriented perspective:

Nothing in the Act indicates that the General Assembly intended to deprive injured workers of their right to compensation based on the mere fact of ownership of property. If all property owners were absolved from liability for compensation as statutory employers under the Act, then there would be no reason for owners to ensure that their contractors are financially responsible, and nothing to stop an owner from evasion of compensation responsibility by placing an irresponsible contractor between itself and the contractor's injured worker.

Brief for Claimant at 36.[10]

Acting as an *amicus* in support of Claimant's position, the Department of Labor and Industry, Bureau of Workers' Com-

**10.** *Accord* Brief for *Amicus* Pa. Ass'n for Justice at 11 ("To find against Claimant in this matter and find that [Appellant] is not a Statutory Employer would do nothing but to frustrate the aims and purposes of the Workers' Compensation Act for the benefit of an employer who had every opportunity to ensure that its subcontractor provided the appropriate insurance coverage, which would have protected it from liability, but, for whatever reason, declined to avail itself of its right to do so."); Brief for *Amicus* Dep't of Labor & Indus., Bureau of Workers' Compensation at 11 (asserting that Appellant's "complaint that the Commonwealth Court engaged in an unworkable construction of Section 302(a) glosses over the fact that Section 302(a) does not even apply if the principal contractor made sure that its subcontractors carried workers' compensation insurance."); *id.* at 12 ("[Appellant] advocates a con-

pensation, offers the following overview remarks, centering on providing a response to Appellant's position that Claimant's reading of Section 302(a) renders Section 302(b) meaningless:

> Section 302(b) refers to the "classic statutory employer situation" in the construction industry, where a property owner hires the general contractor, who hires a subcontractor to do specialized work on the jobsite, and an employee of the subcontractor is injured in the course of his employment. In this regard, Section 302(b) takes into account the common realization that construction is not a regular part of the premises' owner's business, which is why the owner hires a general contractor.
>
> In contrast, Section 302(a)(2) addresses the subcontracting of a "regular or recurrent part" of the contractor's business—a scenario unlikely to be present in construction type situations covered by Section 302(b). The fact that so-called "mischief" is rendered, *i.e.,* general contractors get a "free walk", if they do not require their subcontractors to carry workers' compensation insurance—is the same for both situations, and does not render Section 302(a) redundant of Section 302(b). Rather, the subsections properly complement each other; one cannot be disregarded as mere [surplusage] of the other.

Brief for *Amicus* Dep't of Labor & Indus., Bureau of Workers' Compensation at 10–11 (citations omitted).

 The parties' arguments implicate matters of statutory construction, over which our review is plenary. *See Commonwealth v. Gilmour Mfg. Co.,* 573 Pa. 143, 148, 822 A.2d 676, 679 (2003). Our task is to ascertain and effectuate the intent of the General Assembly, the best indication of which is the language of the statute. *See id.*

As Claimant and his *amici* emphasize, Section 302(a), by its terms, is not limited to injuries occurring on premises occupied or controlled by the putative statutory employer. Rather, the statute extends to any scenario in which a "contractor

struction of the Act that places the consequences of its failure to make sure its subcontractor had insurance onto the injured worker.").

... subcontracts all or any part of a contract," within the scope of the work delineated in Section 302(a)'s specialized definition of "contractor" (including work of a kind which is a "regular or recurrent part of the business" of the putative statutory employer). 77 P.S. § 461.

In terms of Appellant's invocation of *stare decisis*, as the WCAB observed, the decisional law does convey "mixed signals" concerning whether the *McDonald* factors, derived from Section 203, extend to Section 302(a). The vast majority of the decisions Appellant references, however, are those of the intermediate courts which have no binding effect upon this Court. *See Maloney v. Valley Med. Facilities, Inc.*, 603 Pa. 399, 418–19, 984 A.2d 478, 490 (2009). Moreover, the only majority decision of this Court cited by Appellant for the proposition that *McDonald* has been overlaid upon Section 302(a)—*Fonner*—concerns the "classic" statutory employer scenario involving a general construction contractor and subcontractor. *See Fonner*, 555 Pa. at 373–74, 724 A.2d at 904–05. It is not surprising that these circumstances facilitate the usage of some general language.[11] Significantly, however, *Fonner* does not cite or reference, must less discuss, Section 302(a). Furthermore, given that the holding of a decision is to be read against its facts, *see Oliver*, 608 Pa. at 395, 11 A.3d at

11. In this regard, it is noteworthy that Section 302(a) is reposited in an independent section of the Purdon's Pennsylvania Statutes compilation (77 P.S. § 461), separate and distinct from Section 302(b)'s location (77 P.S. § 462). This arrangement, coupled with the fact that Section 302(b) is, by far, the more common subject of litigation, tends to explain why Section 302(a) is sometimes overlooked or conflated with Section 302(b) in the courts' broader statements concerning statutory-employer status. *See also Peck v. Delaware Cnty. Bd. of Prison Inspectors*, 572 Pa. 249, 253, 814 A.2d 185, 187–88 (2002) (opinion announcing the judgment of the Court) (indicating that Sections 203 and 302(b) are the two "primary provisions in the Act that define the rights and responsibilities of a statutory employer," without reference to Section 302(a)). *See generally Schering–Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 512 (7th Cir.2009) (explaining that "uncritical generalization is a path to error" and that "[o]ne form of uncritical generalization ... is reading general language literally"); *Oliver v. City of Pittsburgh*, 608 Pa. 386, 394–95, 11 A.3d 960, 965–66 (2011) (discussing the phenomenon of loose language in judicial opinions, which is not to be substituted for focused analysis, particularly pertaining to matters outside the scope of an opinion).

966, *Fonner* has no effect as binding precedent relative to Section 302(a).

We accepted review in the present case to determine the Legislature's intentions via principles of statutory interpretation upon a focused and developed consideration of Section 302(a). There is nothing in the decisional law to impede us from giving effect to Section 302(a)'s plain terms, consistent with the decisions of the Commonwealth Court and the WCAB in the present case. Along these lines, we agree with Claimant and his *amici* that a soil/rocks/minerals/timber limitation is inappropriate, given that Section 302(a), on its terms, also pertains to contractual delegations of aspects of an employer's regular or recurrent business activities. *See* 77 P.S. § 461. *See generally* 1 Pa.C.S. §§ 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions."); 1922(2) (embodying the presumption that "the General Assembly intends the entire statute to be effective and certain").

In terms of Appellant's contention that a plain-meaning interpretation of Section 302(a) obviates Section 302(b), the argument ignores that Appellant's own position contemplates the mere reversal of the statutes' relative treatment in this regard, so that Section 302(a) would be eclipsed by Section 302(b). The Legislature has made clear, however, that tension between statutes enacted on different dates is generally to be resolved in favor of giving the greatest effect to later-enacted provision, here, Section 302(a). *See, e.g.,* 1 Pa.C.S. § 1936.

We do recognize a degree of ambiguity inherent in the overall scheme for statutory employer liability, arising out of differences in the definitions for "contractor" as used in various provisions of the WCA; the idiosyncratic conception of subcontracting fashioned in Section 302(a); the substantial overlap between Sections 302(a) and (b); and the apparent differences in the depiction of the concept of statutory employment as between the Act's liability and immunity provisions. Viewing the statutory scheme as a whole, however, and employing the principle of liberal construction in furtherance of the Act's remedial purposes, *see Hannaberry,* 575 Pa. at 73,

834 A.2d at 528, we find it to be plain enough that the Legislature meant to require persons (including entities) contracting with others to perform work which is a regular or recurrent part of their businesses to assure that the employees of those others are covered by workers' compensation insurance, on pain of assuming secondary liability for benefits payment upon a default. *See* 77 P.S. §§ 461, 462.1.

For similar reasons, we agree with Claimant and his *amici* that the broad owner exclusion which has arisen in the context of Section 302(b) has no applicability in the Section 302(a) setting, given the materially different terms of the statute.

■ We hold that neither the *McDonald* test, nor a *per se* owner exclusion, applies under Section 302(a) of the WCA.[12]

The order of the Commonwealth Court is affirmed.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD and McCAFFERY join the opinion.

---

**12.** It must be borne in mind that some of the *McDonald* factors are similar to facets of Section 302(a), including the contractual delegation of a regular part of the putative statutory employer's business to another. *Compare* 77 P.S. § 461 *with McDonald,* 302 Pa. at 295, 153 A. at 426. Nevertheless, since the relevant statutes employ differing conceptions of "contractor" and "subcontractor," we do not believe that direct comparisons between *McDonald* and Section 302(a) serve a useful purpose. Rather, Section 302(a) is best interpreted, as per the example of the Commonwealth Court and the Board in the present case, according to its own terms.