**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 45 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellant | : | Court entered on 4/20/17 at No. 253 |
| | : | WDA 2016, reversing and vacating the |
| | : | order of the Court of Common Pleas of |
| | : | Allegheny County entered on 9/14/15 at |
| v. | : | No. CP-02-CR-0000547-2015 and |
| | : | remanding |
| TEX XAVIER ORTIZ, | : | |
| | : | |
| Appellee | : | ARGUED: April 11, 2018 |


*OPINION*


**CHIEF JUSTICE SAYLOR**                    **DECIDED: NOVEMBER 21, 2018**


The question presented in this appeal concerns whether the criminal offense of interference with custody of children, committed by a biological parent, can serve as a predicate felony giving rise to the crime of kidnapping of a minor.

In the relevant time period, Appellee was the single father of a two-and-one-half-year-old daughter, J.O., with whom he resided in Allegheny County. In December 2015, the child's maternal grandmother secured interim primary legal and physical custody of J.O. in a judicial proceeding at which Appellee failed to appear. The grandmother and others made various attempts to implement the custody order, but initially neither Appellee nor J.O. could be located. Appellee apparently took various measures to

conceal his and J.O's whereabouts, and he was eventually located in Blair County, where he surrendered the child to authorities and was arrested.

Appellee was charged with various offenses including interference with custody of children ("ICC") as a felony of the third degree, which occurs when a defendant has knowingly or recklessly taken any child from the custody of a lawful custodian without any privilege to do so. See 18 Pa.C.S. §2904(a), (c).[1] The charges also included kidnapping of a minor under Section 2901(a.1)(2) of the Crimes Code, which entails a defendant unlawfully removing a child a substantial distance from the place where the child is found, or unlawfully confining the child for a substantial period in a place of isolation, with a specific intention "[t]o facilitate commission of any felony or flight thereafter." 18 Pa.C.S. §2901(a.1)(2).[2] Appellee was convicted of those offenses.[3]

Throughout the proceedings, Appellee maintained that ICC, committed by a biological parent, could not serve as a predicate felony for purposes of kidnapping of a minor under Section 2901(a.1)(2). Appellee relied substantially upon *Commonwealth v. Barfield*, 768 A.2d 343, 347 (Pa. Super. 2001) (indicating that, in fashioning the crime of ICC, the General Assembly "removed from the general crimes of kidnapping the special case of custodial interference").

---

[1] ICC may also be a felony of the second degree or a misdemeanor of the second degree in certain circumstances that are not relevant here. See 18 Pa.C.S. §2904(c).

[2] Kidnapping of a minor may also be premised upon three other specified "intentions," which are: to hold a child for ransom or reward, or as a shield or hostage; to inflict bodily injury on or to terrorize a child or another; and to interfere with the performance by any public official of any governmental or political function. See 18 Pa.C.S. §2901(a.1)(1), (3) & (4). Per the Commonwealth's charging documents, and consistent with its present argumentation, only Section 2901(a.1)(2) is presently in issue. Accord *Commonwealth v. Ortiz*, 160 A.3d 230, 234-35 (Pa. Super. 2017).

[3] A more extensive factual and procedural recitation appears in the Superior Court's opinion. See *Ortiz*, 160 A.3d at 231-32.

The trial court, however, rejected that position. Unfortunately, the court intermixed into its explanation a classification of kidnapping with which Appellee was not charged. *See Commonwealth v. Ortiz*, No. CC 201500547, *slip op.* at 5 (C.P. Allegheny Sep. 8, 2016) (discussing the application of Section 2901(a.1)(4)).[4]

On appeal, the Superior Court reversed, relying substantially upon the *Barfield* decision. S*ee Ortiz*, 160 A.3d at 238-41. The court recognized that intermediate-court decisions subsequent to *Barfield* had determined that a parent could be validly convicted of kidnapping of a minor. *See, e.g.*, *Commonwealth v. Rivera*, 828 A.2d 1094, 1100-01 (Pa. Super. 2003) (upholding the conviction of a parent for kidnapping of a minor under the classification that he intended to inflict bodily injury on or to terrorize his child, *see supra* note 2, based on evidence of record bearing out this fact). According to the Superior Court, however, where the intention of a defendant-parent is solely to retain custody and/or, correspondingly, reflects a desire to maintain an existing bond with a child, kidnapping of a minor will not lie. *See Ortiz*, 160 A.3d at 239. Ultimately, the intermediate court determined that ICC cannot serve as a predicate offense, under Section 2901(a.1)(2), where the defendant is the biological parent of the child addressed by the relevant custody order. *See id.* at 241. As in *Barfield*, the court drew support from the Model Penal Code, from which Section 2901(a.1) derives, as well as the associated commentaries. *See id.* at 239-40.[5]

---

[4] It is also highly problematic that the trial court's oral instruction to the jury at Appellee's trial omitted any reference to *any* of the four categories of "intentions" required to establish the offense of kidnapping of a minor. *See Ortiz*, 160 A.3d at 234 n.4 (alluding to this gross irregularity). In light of our disposition, below, this lapse need not be discussed further in this opinion.

[5] The panel also discussed some discrete factual circumstances which it found bolstered its ruling in the case. *See, e.g.*, *Ortiz*, 160 A.3d at 240 (observing that (continued…)

In the present appeal by allowance, the Commonwealth maintains that, "[i]n the unique circumstances of this case," ICC can validly serve as a predicate felony to support kidnapping of a minor. Brief for Appellant at 23. According to the Commonwealth, the uniqueness stems from the fact that Appellee's purpose in fleeing was to defy the primary custody awarded to J.O.'s grandmother.[6] The Commonwealth also emphasizes that kidnapping of a minor requires that the victim be removed a substantial distance or confined for a substantial period in a place of isolation, whereas ICC requires only the act of taking.

The Commonwealth further distinguishes *Barfield* on the basis that the decision was issued prior to the enactment of Section 9303 of the Judicial Code, which provides:

> Notwithstanding the provisions of 1 Pa.C.S. §1933 (relating to particular controls general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes.

42 Pa.C.S. §9303. The Commonwealth stresses that Section 9303 permits convictions under multiple criminal provisions, some specific and some general, for the same conduct.

The issue presented is one of law over which our review is plenary. *See, e.g., Six L's Packing Co. v. WCAB (Williamson)*, 615 Pa. 615, 629, 44 A.3d 1148, 1157

---

(…continued)
Appellee did not take J.O. away from a lawful custodian, but rather, retained actual custody that he already had in defiance of a change in legal status).

[6] Although the Commonwealth stresses the unique facts of the case, we note that vindication of its position would seem to bring a substantial range of ICC offenses by parents into the purview of Section 2901(a.1)(2), since it is hardly unique that a parent who has committed ICC did so with the intention to interfere with a custody order.

(2012). We apply conventional principles of statutory construction, which are regularly discussed throughout this Court's decisions. *See, e.g.*, *Norfolk S. Ry. Co. v. PUC*, 621 Pa. 312, 328, 77 A.3d 619, 629 (2013). The analysis encompasses close adherence to terms of a statute that are plain and clear and resort to other approaches of discernment only in the presence of ambiguity or inexplicitness. *See id.* Where ambiguity or inexplicitness exists, the Court may afford weight to other considerations, including the object to be attained by the statute under consideration, the consequences of a particular interpretation, and sources from which the law was derived. *See id.* *See generally* 1 Pa.C.S. §§1921-1939.

As reflected above, the kidnapping-of-a-minor statute contains two essential pillars: there must be, first, an unlawful substantial-distance removal or substantial-period confinement, as reflected in Section 2901(a.1); and second, a particular intended purpose associated with the taking, prescribed in subparts (1) through (4). *See* 18 Pa.C.S. §2901(a.1)(1)-(4); *see also supra* note 2. As relevant here, the kidnapping statute defines a removal or confinement as unlawful when, "in the case of a person under 14 years of age, . . . it is accomplished without consent of a parent, guardian or other person responsible for general supervision" of the child. *Id.* §2901(b)(2).[7] This closely tracks the taking that is described by the ICC statute. *See id.* §2904(a) (prohibiting the taking of a minor "from the custody of its parent, guardian or other lawful custodian, when [the actor] has no privilege to do so"). Thus, Appellee's act of taking

---

[7] Parenthetically, the commentaries to the Model Penal Code indicate that its similar, unconventional definition of the concept of "unlawful," as applied to kidnapping, was originally fashioned to assure that "the applicability of Section 212.1 to a case where the abduction of a child is by a parent should not turn on the interference or noninterference of the parent with formal custody arrangements." MODEL PENAL CODE & COMMENTARIES, pt. II, §212.1, at 254 n.13 (AM. LAW INST. 1980) (hereinafter, "MPC & Commentaries"). We offer no further comment on this subject, since it is has not presently been put into issue by the litigants.

the child in this case, which constituted an ICC violation, overlaps with the removal or confinement element of the kidnapping statute.

Turning to the associated kidnapping purposes, and in particular, subpart (2), it requires that the unlawful removal or confinement be done with the intention to "*facilitate* commission of any felony or flight thereafter." *Id.* §2901(a.1)(2) (emphasis added). As commonly understood, *see* 1 Pa.C.S. §1903(a), "facilitate" means to "make easy or easier." *Facilitate*, WEBSTER'S NEW WORLD COLLEGE DICTIONARY (4th ed. 1999); *see also Facilitate*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("*Criminal law*, To make the commission of (a crime) easier."). In this regard, it is logically problematic to assert that Appellee unlawfully removed J.O. pursuant to the kidnapping statute with the intent to make it easier to unlawfully remove the child as contemplated by the ICC statute. *Accord* Brief for Appellee at 29 (arguing that employing ICC as the predicate felony for a kidnapping charge reflects "circular logic"). Stated otherwise, the act of taking does not, sensibly, facilitate the act of taking, since they are one and the same.

This incongruity gives rise to sufficient ambiguity and/or inexplicitness to support recourse to the tools of statutory construction, *see* 1 Pa.C.S. §1921(c), including consideration of the derivation from the Model Penal Code. *Accord Commonwealth v. Rushing*, 627 Pa. 59, 73-74, 99 A.3d 416, 424-25 (2014) (relying, in part, upon the Model Penal Code in construing Section 2901(a)).[8]

---

[8] The Joint State Government Commission Comment attending Section 2901 of the Crimes Code indicates that the section was proposed "instead of" Section 212.1 of the Model Penal Code. 18 Pa.C.S. §2901, Jt. St. Gov't Comm'n Cmt -- 1967. Nevertheless, placing the two sources side by side, the derivation is obvious, *accord Rushing*, 627 Pa. at 73-74, 99 A.3d at 424-25, and the differences are immaterial to the present discussion. Additionally, the 2011 amendment adding Section 2901(a.1) of the Crimes Code closely tracks the preceding provision, Section 2901(a), in all material respects and, concomitantly, mirrors Section 212.1 of the Model Penal Code as well. *See* MPC & COMMENTARIES, pt. II, §212.1.

In this regard, the literature discussing the relevant Model Penal Code provisions, from which Pennsylvania's kidnapping and ICC statutes are derived, supports the conclusion that ICC, committed by a biological parent, is not intended to serve as a predicate felony pursuant to subpart (2).  For example, the commentaries to the Model Penal Code explain that ICC and kidnapping offenses address distinct concerns.

> Kidnapping protects against physical danger, extortion, and terrorization by abduction.  [ICC], on the other hand, is designed to maintain . . . the parental custody of children . . . against all unlawful interference.  This interest may be violated even if the actor does not have one of the purposes required by the kidnapping offense . . ..  Interference with custody is further distinguished from kidnapping by the likelihood that the actor will be a parent or other person favorably disposed toward the child or committed person, thus justifying a different penalty structure and the consideration of special defenses.

MPC & COMMENTARIES, pt. II, §212.4, at 252 (footnotes omitted).  In this respect, the intended kidnapping purposes, as prescribed by subparts (a.1)(1)-(4), operate as limiting provisions, so that decidedly wrongful acts may still be punished via other charges, but not with the severity attendant to a kidnapping conviction.  *See id.* §212.1, at 220-21.  This understanding extends to the interplay between kidnapping and interference charges.  *See id.* §212.4, at 255 ("[ICC] operates . . . as a lesser included offense to kidnapping.  Thus, if the victim is under 18 . . ., sanctions would be available for the actor who engages in an unlawful taking *but who does not do so for any of the purposes associated with the kidnapping offense.*  Again, the gravamen of the offense is interference with custodial arrangements and can be punished as such." (emphasis added) (footnotes omitted)).

The editors' notes to the Model Penal Code provide a similar explanation regarding the relationship between kidnapping and ICC offenses:

> [ICC] is both a lesser included offense to kidnapping in cases where the custodial relationship is infringed *but the kidnapping purposes cannot be shown* and an independent protection of the custodial relationship from unwarranted interference by persons who have no legal privilege to do so. It is designed in part to restrain the criminal law from undue intrusion into child custody disputes but at the same time to permit criminal intervention in appropriate cases.

MPC & COMMENTARIES, pt. II, Art. 212, Introductory Note, at 209 (emphasis added); *see also* 5 SUMMARY OF PENNSYLVANIA JURISPRUDENCE 2D, CRIMINAL LAW §13.15 (2016) ("Although [ICC] is somewhat similar to kidnapping, it is intended to protect parental custody from unlawful interruption . . ..").

Accordingly, in light of the requirement that an unlawful taking be done with the intent to *facilitate* commission of a felony, we are of the view that in instances, such as here, where the "evidence demonstrated that [the biological parent's] intent was to take [the child] away from [the legal custodian] and prevent her from having custody," Brief for Appellant at 38, a conviction for ICC will not form the predicate felony for a kidnapping charge pursuant to Section 2901(a.1)(2). *Accord* MPC & COMMENTARIES, pt. II, §212.1, at 228 ("The list of purposes in [kidnapping] thus would exclude from kidnapping cases where a parent out of affection takes his child away from another parent or lawful custodian . . .."). In this regard, it seems rather clear that the authors of the Model Penal Code -- having assiduously explained that kidnapping requires more than interference with the custody of a child by a parent -- did not intend for such interference to be reintroduced into the calculus under the rubric of a predicate felony.[9]

---

[9] We also reject the Commonwealth's assertion that the substantial-distance element has any bearing on the availability of ICC to serve as a predicate felony for purposes of Section 2901(a.1)(2). In this regard, the substantial-distance factor has always been an element of the Model Penal Code formulations, and, as related above, the attached commentaries nevertheless effectively reject the Commonwealth's position. Moreover, the circularity concern is compelling, in that we simply do not believe that the (continued…)

We turn to the Commonwealth's reliance on Section 9303 of the Judicial Code, which prescribes that, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available provisions without regard to generality or specificity. *See* 42 Pa.C.S. §9303. We have already concluded, however, that the present matter is not one in which both statutes in issue cover the same underlying conduct -- rather, we have determined, via recourse to relevant principles of statutory construction, that Sections 2901(a.1)(2) and Section 2904 were not intended to cover the same actions in the first instance. In other words, Section 9303 simply does not override the design of the kidnapping-of-a-minor and ICC statutes, deriving from the Model Penal Code, or resolve the problems of redundancy and circularity embedded in the Commonwealth's alternative construction. To the degree that there remains uncertainty relative to any of the above analysis beyond our finding of ambiguity and inexplicitness, we apply the rule of lenity. *See* 1 Pa.C.S. §1928(b)(1).

---

(…continued)
Legislature intended to premise a serial felony conviction on the fact that a biological parent removed a child a substantial distance in order to remove or take the child in the first instance.

We hold that ICC, committed by a biological parent, cannot serve as a predicate felony to support a conviction for kidnapping of a minor under Section 2901(a.1)(2).[10]

The order of the Superior Court is affirmed.


Justices Baer, Todd and Donohue join the opinion.

Justice Wecht files a dissenting opinion.

Justice Mundy files a dissenting opinion, joined by Justices Dougherty and Wecht.

---

[10] We certainly do not discount that "a parent may be convicted of kidnapping his own child," *Rivera*, 828 A.2d at 1096, where unlawfulness is established and some additional kidnapping purpose attends the removal of the child, as was the case in *Rivera*.